IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01911-RM-MJW

BIOELEMENTS, INC.,

Plaintiff,

v.

NOVA CASUALTY COMPANY, a New York corporation,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Defendant NOVA Casualty Company's Motion to Compel Responses to Interrogatories Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii) **(Docket No. 33)** is **DENIED** without prejudice.

The Court finds that Defendant neither conferred nor made a reasonable good faith effort to do so, as required by Fed. R. Civ. P. 37(a)(1) and D.C.Colo.LCivR 7.1(a). Rather, Defendant made perfunctory and curt demands that Plaintiff provide "actual answers." (Docket No. 44-2.)  This is inadequate.  See *Heinrich v. Master Craft*, No. 13-cv-01899-PAB-GPG, 2014 WL 2179353 (D. Colo. May 24, 2014); *Spent v. Geolfos*, No. 11-cv-01878-MSK-MEH, 2011 WL 6102025 (D. Colo. Dec. 7, 2011).  Defendant argues that these slight efforts were all that were required, because further efforts would have been futile.  But even if the Court were willing to accept such a principle – which it is not – Defendant has fallen far short of establishing futility.  Defendant may renew its motion after it has made a reasonable and good faith effort to resolve the dispute with Plaintiff, provided that the motion is accompanied by documentation of Defendant's efforts at conferral.

Plaintiff does not have clean hands in the matter, as it apparently did not provide any supplemental discovery responses until the day it filed its response to Defendant's motion.  (*See* Docket No. 44, p.8.)  Accordingly, under Rule 37(d)(3), the Court finds that an award of expenses or fees would be unjust under the circumstances.

Date: February 24, 2015